Filed 7/13/21  Parmar v. Voyager Restaurant Group CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| PARMAR, LLC, | C089631 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. SCV0039888) |
| v. | |
| VOYAGER RESTAURANT GROUP, INC., | |
| Defendant, Cross-complainant, and Appellant. | |
| VOYAGER RESTAURANT GROUP, INC., | (Super. Ct. No. MCV0068268) |
| Plaintiff and Appellant, | |
| v. | |
| PARMAR, LLC et al., | |
| Defendants and Respondents. | |

1

This appeal concerns the validity of a memorandum of lease recorded against a commercial property in Roseville, California (the property). Parmar, LLC (Parmar) filed a complaint for declaratory relief, slander of title, and cancellation of instrument (complaint) against Voyager Restaurant Group, Inc. (Voyager)[1] to clear the property's title with respect to the recorded memorandum of lease that purportedly incorporated a 2011 lease agreement between the property's prior owner, Sonora Petroleum, Inc. (Sonora), as landlord, and Voyager, Inc. doing business as Sonic America's Drive-In (Sonic), as tenant. Voyager thereafter filed a complaint for forcible entry against Parmar; that action was consolidated with Parmar's action. Voyager also filed a cross-complaint against Parmar for ejectment and declaratory relief.[2] Parmar moved for summary judgment, which the trial court granted. Voyager appeals.

Voyager raises five arguments on appeal: (1) "the promises/detriment exchanged are sufficient consideration"; (2) "Parmar's predecessor waived the lease terms and thereby modified the lease in writing"; (3) "Parmar's predecessor executed a new lease agreement"; (4) "Parmar is estopped as the successor in interest to Sonora"; and (5) "Voyager, in quiet possession, was wrongfully evicted." (Capitalization omitted.) As we explain, Voyager has failed to comply with several rules of appellate procedure. In doing so, Voyager has failed to explain its position with reasoned analysis applying legal authority to admissible evidence with appropriate citations to the record. We accordingly disregard Voyager's arguments and affirm the judgment because our review is limited to

---

[1] Voyager had previously filed and dismissed two complaints against Parmar. Those actions are not at issue in this proceeding.

[2] Voyager also asserted an interference with prospective economic advantage cause of action against Parmar in its first amended cross-complaint. The trial court granted Parmar's motion to strike that cause of action.

only the issues adequately briefed. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

FACTUAL AND PROCEDURAL BACKGROUND

Sonic and Sonora entered into a lease on September 1, 2011. The lease became effective on August 31, 2011. Paragraph 43 of the lease provided that, "[i]n the event that the original term of this Lease Agreement shall not have commences [*sic*] within two (2) years after [the] Effective Date, unless previously terminated, this Lease Agreement shall thereupon be null and void."[3] The lease did not commence until July 21, 2014.

On September 19, 2014, the County of Placer recorded a memorandum of lease purportedly signed by Gurraj Singh Grewal on behalf of Sonora and Mitra Alizadeh[4] on behalf of Sonic on July 21, 2014 (memorandum of lease). The document provided, in pertinent part: "THIS MEMORANDUM OF LEASE is made and entered into on July 21, 2014 by and between SONORA PETROLEUM, INC.*,* 'Landlord,' and VOYAGER, INC., dba Sonic America's Drive-In or its assignee 'Tenant.' [¶] Landlord hereby leases to Tenant for a term of 10 years and 5 months, which this *lease is less than 35 years term* [*sic*] *and* lease commencing on the earlier of the following events: (a) 30 days after Landlord has obtained, where required, a certificate of occupancy, and has duly notified the Tenant of the completion of construction, or; (b) the date the Premises are available for operation of the Tenant's business, on the terms and conditions set forth in the lease by and between the parties hereto September 1, 2011, all the terms and

---

[3] Voyager disputed this material fact on the ground that "[t]he terms of the lease were subsequently modified, and the Commencement was defined in a recorded document," citing to Mitra Alizadeh's declaration and certain exhibits thereto. Voyager's objection does not create a dispute as to the language of paragraph 43 in the lease agreement.

[4] We refer to Mitra Alizadeh by his first name hereafter due to the common last name shared with Abolghassem Alizadeh and Abe Alizadeh. No disrespect is intended.

3

conditions of which are made a part of this Memorandum of Lease as though fully set forth herein . . . ."

On July 21, 2014, Mitra and Grewal purportedly signed another document titled "Subordination, Non-Disturbance and Attornment Agreement" on behalf of Sonic as tenant and Sonora as landlord (subordination agreement). The first page of the document, however, provided that the agreement was being "executed between SABAL Financial Group, LP successor to Tennessee Commerce Bank; a Tennessee State chartered bank ('Mortgagee') and Roseville Petroleum, Inc., a California corporation ('Tenant')," neither of whom signed the document. We do not recite any specific provisions of the subordination agreement because, as we explain *post*, Voyager has not identified and analyzed how the document supports its arguments.

Parmar purchased the property from Sonora in August 2016 and filed the complaint to clear the property's title in August 2017. In its motion for summary judgment, or in the alternative summary adjudication (the motion), Parmar argued it should prevail as follows: (1) as to its cancellation of instrument cause of action because the memorandum of lease was based on a void lease; (2) as to its slander of title cause of action because the memorandum of lease was based on a void lease and it did not modify the lease, and Parmar had accumulated attorney's fees to resolve the matter; (3) as to its declaratory relief cause of action because there was no actual controversy as to the right of possession of the property; (4) as to Voyager's ejectment cause of action because Voyager did not have the right to possess the property based on a void lease; (5) as to Voyager's declaratory relief cause of action because there was no actual controversy as to the right of possession of the property; and (6) as to Voyager's forcible entry cause of action because Voyager could not meet the requisite element of peaceable and actual possession.

Voyager opposed the motion, arguing, pertinent to this appeal, that there was a "triable issue of fact with regard to the lease" because: (1) "the promises/detriment

4

exchanged are sufficient consideration"; and (2) "Parmar's predecessor waived the lease terms and thereby modified the lease in writing." (Capitalization and bolding omitted.) In the alternative, Voyager asserted there was a triable issue of fact "as to whether there was a written modification, new agreement or novation." (Capitalization and bolding omitted.) Voyager further asserted Parmar was "estopped as the successor in interest to Sonora" and there was a triable issue of fact "as to Voyager's quiet possession of the premises." (Capitalization and bolding omitted.)

Parmar filed various objections to the evidence Voyager submitted in opposition to the motion. The trial court sustained several of those objections and granted Parmar's motion in its entirety, finding: "The submitted evidence shows that Voyager and Sonora Petroleum entered into a lease agreement on September 1, 2011. [Citation.] The lease agreement went into effect on August 31, 2011. [Citation.] Paragraph 43 of the agreement states that the lease agreement becomes null and void if the terms of the agreement are not commenced within two years of the effective date. [Citation.] No written amendments to the lease agreement were executed by the parties. [Citation.] Voyager executed a declaration of lease commencement after the two-year period. [Citation.] Voyager also failed to make monthly rent payments or the security deposit as required under the lease agreement. [Citations.] Voyager recorded a Memorandum of Lease on July 21, 2014, after the two-year commencement period on the lease agreement and without entering into an agreement with Sonic America's Drive-in to operate such a restaurant. [Citation.] This evidence is sufficient to meet Parmar LLC's initial burden, shifting the burden to Voyager to establish a triable issue of material fact. Voyager has failed to submit sufficient evidence to raise a triable issue of material fact. Since

5

Voyager has failed to meet its burden, the motion is granted as to Parmar LLC's operative complaint and Voyager's operative cross-complaint."[5]

Voyager appeals.

## DISCUSSION

We review the grant of a motion for summary judgment or adjudication de novo to determine whether the moving party met its burden of proof. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) In that vein, we assume the role of the trial court by independently examining the record and evaluate the correctness of the trial court's ruling, not its rationale. (*Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 433.) Although de novo review is an expansive standard, our review is limited to the issues that appellants identify and adequately brief. (*Christoff v. Union Pacific Railroad Co.*, *supra*, 134 Cal.App.4th at p. 125.)

A moving plaintiff's burden of proof in seeking summary judgment is set forth in Code of Civil Procedure section 437c, subdivision (p)(1): "A plaintiff or cross-complainant has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff or cross-complainant has met that burden, the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto. The defendant or cross-defendant shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific

---

[5]     Although the trial court did not expressly state that it granted summary judgment in Parmar's favor as to Voyager's complaint for forcible entry, the trial court granted Parmar's motion in its entirety and Parmar expressly sought and argued for summary judgment as to the forcible entry claim.

6

facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto."

A moving defendant and cross-defendant's burden of proof in seeking summary judgment is set forth in Code of Civil Procedure section 437c, subdivision (p)(2): "A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to the cause of action. Once the defendant or cross-defendant has met that burden, the burden shifts to the plaintiff or cross-complainant to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto. The plaintiff or cross-complainant shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto."

Voyager does not argue the trial court erred in finding Parmar had met its initial burden under the pertinent Code of Civil Procedure provisions as a plaintiff, defendant, and cross-defendant. It merely reasserts the arguments it raised in the trial court, for the most part verbatim. It thus appears that Voyager is asserting the trial court erred in finding it failed to raise triable issues of material fact in response to Voyager's motion. Due to the deficiencies in Voyager's briefing, we find no merit in its assertions.

I

*Deficiencies In The Statement Of Facts And Appellant's Appendix*

Voyager has run afoul of two significant procedural appellate rules with respect to the statement of facts set forth in its opening brief. First, Voyager failed to provide "a summary of the significant facts" relevant to the appellate issues raised in the case. (Cal. Rules of Court, rule 8.204(a)(2)(C).) In the statement of facts and statement of the case portions of its opening brief, Voyager set forth only the facts it believes favors its position on appeal and ignored the evidence presented by Parmar in the motion and relied

7

upon by the trial court. As one example, Voyager failed to set forth the pertinent written lease provision discussed in the trial court's ruling, which provided the lease agreement would become null and void if the terms of the agreement were not commenced within a two-year period.

"A summary judgment motion triggers a procedure in which the parties pierce the pleadings to determine whether there are disputed facts and thus whether a trial is necessary to resolve the dispute. [Citation.] Thus, when a summary judgment is challenged, a reviewing court must examine the facts presented by the parties to determine whether summary judgment or summary adjudication was warranted. By failing to describe all of the evidence proffered in the proceedings, [Voyager] did not satisfy [its] appellate burden." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, disapproved on another ground in *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.)

Second, in the opening brief, an appellant must provide citations to the record for purposes of directing the court to the pertinent evidence or other matters that demonstrate reversible error. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Here, Voyager's statement of facts contains only one record citation. We disregard all factual assertions without citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) We do not act as counsel for an appellant by searching the record to find evidentiary support for factual allegations. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

In addition to the foregoing, as Parmar appropriately noted, the appellant's appendix does not contain accurate copies of the documents filed in support of or opposition to the motion upon which judgment was entered. Voyager fails to respond to this concern in its reply brief. The documents in the appellant's appendix pertain to the motion for summary judgment filed by Parmar on January 3, 2018. Judgment was not entered on that motion. The trial court ruled and entered judgment on Parmar's

8

subsequent motion for summary judgment, filed on June 21, 2018.  The appropriate documents appear to be included in Parmar's respondent's appendix.  Voyager has raised no objection to those documents.  We thus consider only the documents in the respondent's appendix and disregard Voyager's citations to the appellant's appendix as irrelevant to this appeal.

II

*Deficiencies In The Arguments Presented*

In its headings, Voyager argues:  (1) the promises/detriment exchanged are sufficient consideration; (2) Parmar's predecessor waived the lease terms and thereby modified the lease in writing; (3) Parmar's predecessor executed a new lease agreement; (4) Parmar is estopped as the successor in interest to Sonora; and (5) Voyager was wrongfully evicted.  As we explain, there are several deficiencies in Voyager's arguments.

A

*We Disregard The Consideration Argument*

We disregard Voyager's argument that there were promises or detriments exchanged that constituted sufficient consideration.  First, Voyager fails to explain what practical consequence or effect this broad statement has on the grounds asserted in the motion and the causes of action at issue.  It fails to provide a response to the simple question:  consideration for what?  Second, although Voyager cites a slew of cases standing for general legal principles pertaining to consideration, it fails to provide any legal analysis *applying* those cases to admissible facts in this case.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["citing cases without any discussion of their application to the present case results in forfeiture"].)  Indeed, Voyager fails to explain what promises were exchanged, how such promises constitute consideration, and what the legal impact of any such consideration would be under the facts of this case as it pertains to the causes of action at issue.  In the absence of cogent reasoning that applies

9

the legal principles asserted to admissible facts, we may and do disregard such arguments. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

B

*We Disregard The Waiver And Lease Modification Argument*

Voyager asserts Sonora waived the expiration of the lease or, in the alternative, modified the terms of the lease, and neither the receiver purportedly appointed by the court for Sonora nor Sonora disavowed the lease. Voyager forfeited this argument as well.

First, Voyager asserts Sonora "waived the terms of the lease which would have resulted in expiration of the lease." Voyager appears to rely on paragraphs 4 and 11 in Abolghassem Alizadeh's[6] declaration and exhibit 4 thereto for the proposition that "[i]n discussions with Voyager's principal, Parmar's predecessor in interest, Raj Grewal, waived the terms of [the] security deposit, rent and time to perform." It further appears to rely on exhibits 1 through 3 and 9 attached to Abolghassem's declaration for the proposition that "Grewal's acknowledgement of the communication is reflected in his actions in executing the Memorandum of Lease, Commencement of Lease, and Subordination and Attornment Agreement [citations] and his emails of August 28, 2014 and November 2014 . . . ."

As to the purported evidence relied upon, Voyager fails to acknowledge that the trial court sustained Parmar's objections to the paragraphs of Abolghassem's declaration seeking to authenticate exhibits 4 and 9, including for lack of foundation. An objection to a declaration that authenticates an exhibit is an objection to the exhibit itself. Voyager does not challenge the trial court's evidentiary rulings. Exhibits 4 and 9 are thus

---

**6**     We refer to Abolghassem Alizadeh by his first name hereafter due to the common last name shared with Mitra Alizadeh and Abe Alizadeh. No disrespect is intended.

10

inadmissible. The same is true of a substantial portion of paragraph 4 of Abolghassem's declaration. The trial court sustained several of Parmar's evidentiary objections to statements in that paragraph. Voyager does not challenge the trial court's evidentiary rulings with respect to that paragraph either. What remains of paragraph 4 provides: "The Landlord continued to advise the tenant in writing that its funding was imminent and requested the tenant's patience. The Landlord abated the rent until tenant improvement funding was available." Paragraph 11 of Abolghassem's declaration merely provides that exhibit 3 thereto was "a true and correct copy of email correspondence between Sonora/Grewal and Abe Alizadeh/Voyager." Exhibit 3 appears to contain several emails between Abe Alizadeh and Grewal over several years. Exhibit 1 is a copy of the memorandum of lease and exhibit 2 is a copy of the subordination agreement.

Voyager cites numerous cases pertaining to waiver for two general propositions. The first proposition is that "[t]he waiver need not be an express statement; it may result where the injured party continues to perform, with knowledge of the other's breach, and where he or she accepts further performance from the guilty party after the breach." Voyager fails to explain how the cases and propositions relied upon apply to the admissible facts in this case and how such application creates triable issues of fact as to the pertinent causes of action. For example, who was the injured party, how did the injured party "continue to perform," what was the breach of contract that was waived, what further performance after the breach was accepted and by whom, and how specifically does the cited admissible evidence support these propositions? More importantly, how does the waiver of a breach of contract provision, as proposed, relate to the written provision that the lease is null and void if the lease does not commence within two years? We will not act as Voyager's substitute legal counsel; we will not make arguments for a party. We can and do disregard arguments that fail to disclose the

11

reasoning by which the party reached the conclusion it asks us to adopt. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.)

The second proposition for the first argument is that, "[i]nstead of treating the breach as a termination of the contract, the injured party may *waive* it, i.e., elect to treat the contract as still alive, remaining ready and able to perform on his or her part, and limiting the remedy to compensation for the breach." Again, Voyager offers no legal analysis with application to the admissible evidence presented. Voyager merely concludes: (1) Sonora's "actions, conduct and expression regarding the lease exhibit a recognition of the continuance of the lease"; and (2) Sonora "waived the requirement for commencement of the lease by continuing to treat the contract as alive as reflected by his communications and the Memorandum of Lease and [subordination agreement], and transfer of the keys and possession in July 2014." Voyager offers no analysis as to *how* the evidence relied upon shows that Sonora "treat[ed] the contract as alive" or treated it as a "continuance of the lease." While the memorandum of lease does appear to incorporate the terms of the 2011 lease, Voyager presents no argument as to why the document is a continuation of the lease or evidences that the 2011 lease remained "alive" when the lease did not commence within two years of the effective date and the memorandum of lease was recorded *after* the lease was null and void under paragraph 43. We disregard Voyager's conclusions without reasoned analysis. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.) Moreover, Voyager's factual assertion regarding the "transfer of the keys and possession in July 2014" is not supported by a record citation and is disregarded. (Cal. Rules of Court, rule 8.204(a)(1)(C); *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947 ["Statements of fact that are not supported by references to the record are disregarded by the reviewing court"].)

In its second argument, comprised of approximately one page, Voyager asserts that, in the alternative, Sonora "modified the terms of the lease which would have resulted in the expiration of the lease." Voyager cites a myriad of cases for the

12

proposition that "[m]odification is a change in the obligation by a modifying agreement, which requires mutual assent, and must ordinarily be supported by consideration." It then concludes, without any citations to the record or analysis: "The Memorandum of Lease and Commencement of Lease clearly reaffirmed the Lease while reflecting a change in the obligations as to time of performance. Voyager's forbearance of Sonora's lack of performance and avoidance of other opportunities and commitment to performance constitute consideration for the modification." As with the foregoing argument, in the absence of appropriate record citations to admissible evidence and reasoned analysis applying legal authority, we disregard the argument because Voyager fails to explain how admissible evidence in the record creates triable issues of material fact as to the causes of action in this litigation. Indeed, Voyager fails to explain *how* the documents relied upon modified the terms of the lease to give effect to a commencement of the 2011 lease in July 2014.

In its third argument, Voyager asserts neither the receiver appointed by the court nor the previous owner disavowed the lease. Voyager makes several factual assertions in that regard with only one citation to the record -- to exhibit 12 attached to Abolghassem's declaration. As explained *ante*, we disregard all statements of purported fact lacking a citation to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *McOwen v. Grossman*, *supra*, 153 Cal.App.4th at p. 947.) As to Voyager's reliance on exhibit 12, Voyager fails to recognize or address that the trial court sustained Parmar's objections to Abolghassem's authentication of the document, including on the grounds that his declaration lacked foundation and constituted inadmissible hearsay. Voyager does not challenge the trial court's evidentiary ruling on appeal. An objection to a declaration that authenticates an exhibit is an objection to the exhibit itself.

Accordingly, Voyager fails to cite any pertinent admissible evidence demonstrating a triable issue of fact based on reasoned analysis supported by legal authority.

13

C

*We Disregard Voyager's Argument That Sonora Executed A New Lease Agreement*

Voyager's argument that Sonic and Sonora entered into a new lease agreement by executing the memorandum of lease and subordination agreement consists of approximately one page in its opening brief. Voyager cites no legal authority for its position and relies exclusively on the memorandum of lease and the subordination agreement as its factual support. It asserts in a conclusory fashion that the documents "reflect the parties [*sic*] intent to enter into a Lease on the terms of the original Lease." Voyager quotes from the memorandum of lease and then states the document was executed "as promises were exchanged to pursue the operation of the business notwithstanding the potential problems with the Landlord's lender" and the subordination agreement confirmed "the relationship in the event of a new lender."

Voyager again fails to provide reasoned analysis with citations to legal authority for the positions taken. Voyager further fails to explain what "promises were exchanged" and provides no record citation to support its assertion. Likewise, Voyager fails to provide record citations supporting its assertion that "[t]he change in the time of the lease, the addition of the [subordination agreement] and Voyager's forbearance of Sonora's lack of performance and avoidance of other opportunities and commitment to performance constitute consideration for the new lease." We decline to consider Voyager's assertions as explained *ante*.

D

*We Disregard Voyager's Argument That Parmar Is Equitably*
*Estopped As The Successor In Interest To Sonora*

Voyager asserts Parmar is bound by Sonora's actions and conduct regarding the existence of the lease, raising several factual assertions without any citations to the

14

record.  The only citation to the record is to the subordination agreement attached as exhibit 2 to Abolghassem's declaration.  In that regard, Voyager asserts that, "[a]s the Landlord of the property, Parmar stands in the shoes of its predecessor property owner, as agreed by Grewal in his execution of the [subordination agreement]."

To assert equitable estoppel, four requirements must be met:  "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury."  (*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305.)  Voyager has made no attempt to perform this analysis.

Further, Voyager fails to explain how the subordination agreement constitutes an enforceable contract when:  (1) the agreement is not signed by all parties; and (2) the introductory paragraph of the agreement states that the agreement is executed between SABAL Financial Group, LP as the successor to Tennessee Commerce Bank as mortgagee and *Roseville Petroleum, Inc., a California corporation, as tenant*.  Although our review is de novo, our review is limited to the issues that the appellant identifies and *adequately* briefs to establish a triable issue of material fact.  (*Christoff v. Union Pacific Railroad Co.*, *supra*, 134 Cal.App.4th at p. 125.)  In the absence of cogent legal analysis with appropriate citations to legal authority and the record, we disregard this argument.

E

*We Disregard Voyager's Wrongful Eviction Argument*

Voyager relies on paragraphs 7, 8, 14, 15, 16, 17, 18, and 19 of Abolghassem's declaration "with reference to the associated Exhibits" for the assertion that, "[i]n addition to having control of the premises by having keys, Voyager exercised dominion by having the premises inspected and appraised, by storing equipment thereon and by

15

excluding others from using the space for storage." Voyager then cites several cases as to what constitutes possession of a property and when such possession supports forcible entry and detainer; Voyager does not, however, set forth any analysis applying those cases to the facts identified in its argument.

Again, in the absence of cogent reasoning that applies the legal principles asserted to the facts in this case, we disregard the argument. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153; *Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52.) Voyager further fails to address the fact that the trial court sustained Parmar's evidentiary objections to all of the paragraphs in Abolghassem's declaration upon which Voyager relies for its argument, except for paragraph 15.

Paragraph 15 provides: "Attached hereto as Exhibit 7, and incorporated herein by this reference, is a true and correct copy of invoices changing the locks." Exhibit 7 contains two invoices for services performed by Kennedy Lock and Key for Parva Property Management and two canceled checks paying Kennedy Lock and Key from an account in the name of Parva Property Management LLC. Voyager cites no admissible evidence establishing the relationship between itself and Parva Property Management LLC or that the documents relate to the specific property at issue in the lease. The invoices merely refer to "Roseville Foothill Prop." and "Foothills & Vineyard." Nothing in paragraph 15 or the exhibits incorporated by reference establishes that Voyager had control of the premises, had keys to the premises, exercised dominion over the premises, stored equipment there, and excluded others from using the space for storage, as Voyager asserts. Voyager thus fails to support its argument with necessary citations to admissible evidence in the record, and the argument is deemed forfeited for a second reason. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

16

## DISPOSITION

The judgment is affirmed.  Parmar shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
Robie, J.


We concur:


/s/
Blease, Acting P. J.


/s/                                    ,
Hull, J.